UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Edward GLANTON,
Defendant-Appellant.

No. 82–5536
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 20, 1983.

Mark A. Pizzo, Asst. Federal Public Defender, Tampa, Fla., for defendant-appellant.

Judy S. Rice, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Robert Edward Glanton of knowingly and willfully making false statements of material fact to an employee of a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to influence the bank on an application, advance, commitment, and loan in violation of 18 U.S.C.A. § 1014. The sole issue on his appeal is whether the multiple count indictment charging him with three related violations of 18 U.S.C.A. § 1014 was multiplicitous. We hold that it was not and affirm defendant's conviction.

An individual identifying himself as William H. Callahan, Jr. opened a checking account at the East First National Bank in Fort Myers, Florida, by signing the necessary signature cards. The individual then endorsed and deposited in the new account a check for $12,766.03 made payable to Callahan and drawn on the account of the Public Employees Retirement System of Ohio. Nine days later an individual came into the bank, asked for a counter check for $9,000, and then endorsed it by signing the name "William H. Callahan." A bank vice president approved the transaction, and the individual received the requested amount. Both the teller and vice president identified the defendant as being the person who conducted this transaction. A document examiner testified that in his opinion the defendant signed the signature card, endorsed the check for $12,766.03, and the counter check for $9,000, each time using Callahan's name. The real William Callahan testified the signatures on the card and the two checks were not his.

The indictment returned by the grand jury contained three counts: the first alleged Glanton made a false statement by representing himself as William H. Callahan, Jr. when opening an account; the second alleged that on the same day Glanton made a second false statement by endorsing the check for $12,766.03 with the name "William Callahan, Jr.;" and the third charged that nine days later the defendant made the third false statement when he endorsed the counter check for $9,000 using Callahan's name. After the guilty verdict, the court imposed three concurrent two-year terms of imprisonment.

The defendant asserts that the trial court should have dismissed the indictment or, in the alternative, required the government to

elect a count to prosecute. His argument is that the indictment was multiplicitous because his acts arose from a continuous course of conduct. Because this constituted a single offense, he cannot be subjected to multiple sentences. Even though he was not subjected to consecutive sentences, he argues the alleged multiplicitous indictment prejudiced the jury by suggesting several crimes had been committed. As evidence of prejudice, he points to the jury's extensive deliberations and its claim at one point that it was deadlocked.

 "Multiplicity" is the charging of a single offense in more than one count. *Ward v. United States,* 694 F.2d 654, 660–61 (11th Cir.1983); *United States v. Hearod,* 499 F.2d 1003 (5th Cir.1974). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

Glanton relies on *United States v. Sahley,* 526 F.2d 913 (5th Cir.1976), where the defendant was convicted of making three false statements, all contained in a single document to obtain one loan. The Court held this was a single offense for which the defendant could be sentenced but once and remanded for resentencing. *Id.* at 918–19.

The indictment here does not suffer from the infirmities recognized in *Sahley.* Each count required the government to prove a different fact: in count one that the defendant falsely presented himself and signed a signature card as William H. Callahan, Jr. when opening the account; in count two that he falsely endorsed the $12,-766.03 check by signing Callahan's name, and in count three that nine days later he signed the $9,000 counter check using Callahan's name. While it is true that these transactions were related, each false statement was made on a separate document. *See Bins v. United States,* 331 F.2d 390, 392–93 (5th Cir.), *cert. denied,* 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964).

 Given that each count in the indictment was stated in clear, simple terms, and that the evidence as to each was strong, we cannot conclude the indictment confused or prejudiced the jury. During its deliberations the jury inquired as to the defendant's employment history and the evidence regarding a photo identification card used to open the account. After deliberating for about three hours the jury indicated it was deadlocked but then decided to resume its deliberations the following day. Upon doing so, it reached the guilty verdict. These occurrences do not reflect a jury which was confused or under an adverse psychological impact due to the indictment. *See United States v. Ashley,* 569 F.2d 975, 984 (5th Cir.), *cert. denied,* 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978).

AFFIRMED.