**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sailor J. KENNEDY,
Defendant-Appellant.**

No. 83–3048.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 3, 1984.

Submitted Jan. 17, 1984.

Decided Feb. 22, 1984.

Stephen Cooper, Asst. U.S. Atty., Fairbanks, Alaska, for plaintiff-appellee.

Daniel U. Smith, Kentfield, Cal., for defendant-appellant.

Before WRIGHT, TANG and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Kennedy was convicted on three counts of making false statements to a federally insured bank under 18 U.S.C. § 1014. There are two substantial questions:[1] (1) whether the indictment was multiplicitous because it charged three violations of Section 1014 when all statements were made to obtain a single loan; and (2) whether it was duplicitous because it allowed conviction on Count II for statements made in several separate documents.

## FACTS

Kennedy is a mortgage broker. He was convicted of obtaining a $350,000 line of credit from the First National Bank of Fairbanks by falsely representing that a nonexistent mortgage and note were a valid subsisting first loan.

Count I alleged that Kennedy stated that he would assign a valid mortgage and note to the bank in return for the line of credit. The proof showed that the "mortgage and note" was merely a proposed transaction. Based on this misrepresentation, the bank advanced the line of credit.

Count II alleged that Kennedy assigned a promissory note and a mortgage, and executed a security agreement regarding the same property involved in Count I. These three documents initiated disbursements of funds from the line of credit.

Count III charged Kennedy with executing a collateral note, binding himself to repay the $350,000 line of credit from the bank, and repeating the fictitious description of the "mortgage and note." The collateral note maintained the flow of payments from the line of credit.

Before trial, Kennedy moved to dismiss and to require the prosecution to elect counts. A magistrate denied the motion. Kennedy was convicted on all counts.

## ANALYSIS

### A. Multiplicity

We review the denial of a motion to require an election of counts for abuse of discretion. *United States v. Wasserteil,* 641 F.2d 704, 709 (9th Cir.1981). There is "no bright line . . . dividing charges comprising a single offense from those comprising separate and distinct offenses." *United States v. UCO Oil Co.,* 546 F.2d 833, 835 (9th Cir.1976), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977) (footnote omitted).

Kennedy contends that his conviction on three counts resulted from an impermissible splintering within the indictment of facts constituting a single offense. He claims that the indictment was multiplicitous because all documents submitted to the bank repeated the same false statement, and they were all executed for a single purpose: to obtain the $350,000 line of credit.

We have not previously decided whether 18 U.S.C. § 1014 allows multiple convictions for separate documents submitted to obtain a single loan. The Fifth and the Eleventh Circuits, however, have rejected Kennedy's argument. *United States v. Glanton,* 707 F.2d 1238 (11th Cir.1983); *United States v. Miranne,* 688 F.2d 980 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 736, 74 L.Ed.2d 959 (1983); *United States v. Bins,* 331 F.2d 390 (5th Cir.), *cert. denied,* 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964).

In *Glanton,* the court upheld a conviction on three counts of violating Section 1014 arising out of repetitions of the same false statement in three separate documents. 707 F.2d at 1239. The court applied the traditional test which determines whether

---

1. Kennedy's other points on appeal do not require discussion in a published opinion. They will be considered in an unpublished memorandum. Ninth Circuit Rule 21.

each count "requires proof of a fact which the other does not." *Id.* at 1240 (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

We agree with this reasoning. The "proof of facts" test is well established in the law of this circuit. *See United States v. Bosque,* 691 F.2d 866, 869 (9th Cir.1982); *United States v. Sanford,* 673 F.2d 1070, 1073 (9th Cir.1982); *United States v. Moore,* 653 F.2d 384, 390–91 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 680, 70 L.Ed.2d 646 (1981).

In *Moore,* for instance, the defendant was convicted on three counts of violating 18 U.S.C. § 201(e) by soliciting money in exchange for promising not to testify. Each count was based on a separate phone call, but two of the calls were made to the same person and repeated the same offer. We rejected Moore's claim that the counts were multiplicitous, saying:

> [B]ecause each call ... requires proof distinct from the other ... the calls do not constitute a single continuing violation. Appellant's purpose in making the calls, it is true, was constant; but it does not follow that each attempt "to market" his testimony must be considered a single transaction.

653 F.2d at 391.

Under this test, separate sentences may be imposed for each false document or set of false documents submitted to the bank. This approach is consistent with Section 1014's language. The statute prohibits knowingly making any false *statement* to a bank. It is the false statement, not the anticipated loan, which defines the crime. *See UCO Oil,* 546 F.2d at 838–39. We distinguish those cases where courts have refused to impose multiple punishment for several "statements" contained within a single document. *See United States v. Sue,* 586 F.2d 70 (8th Cir.1978); *United States v. Sahley,* 526 F.2d 913, 918 (5th Cir.1976). *See also UCO Oil,* 546 F.2d at 838.

B. *Duplicity*

Kennedy also claims that Count II is defective because it alleges that he made false statements in three separate documents.

Kennedy failed to bring this to the attention of the trial court. He must show that allowing the Count to go to the jury was "plain error." Fed.R.Crim.P. 52(b).

■  Plain error is "highly prejudicial error affecting substantial rights." *United States v. Gilman,* 684 F.2d 616, 620 (9th Cir.1982). We will reverse for plain error only in exceptional circumstances. *Id.*

■  There was no plain error here. The three documents involved were submitted as a package to initiate disbursements from the bank's line of credit. Count II charged these documents in the conjunctive and the court's instructions clearly required the jury to find that each false statement was made in the manner alleged in order to convict. There was no danger that the jury could convict on Count II without reaching unanimous agreement on a given set of facts. *Cf. United States v. Carman,* 577 F.2d 556 (9th Cir.1978); *UCO Oil,* 546 F.2d at 835.

AFFIRMED. The mandate shall issue now.