852 F.2d 572
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Everett GREEN, Defendant-Appellant.
 No. 87-1313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1988.
Decided July 6, 1988.
 Before CHAMBERS, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Everett Green appeals his conviction after jury trial on the following counts: mailing a spring loaded bomb, 18 U.S.C. Sec. 1716, (count 1); unlawful manufacture of a spring loaded bomb, 26 U.S.C. Sec. 5861(f), (count 2); possession of a spring loaded bomb, 26 U.S.C. Sec. 5861(d), (count 3); possession of an unregistered silencer, 26 U.S.C. Sec. 5861(d), (count 4); possession of a hand grenade, 26 U.S.C. Sec. 5861(d), (count 5); felon in possession of a firearm, 18 U.S.C. Sec. 922(g), (count 6). We affirm the convictions on all counts except we stay the sentence and entry of judgment of conviction on count 3, possession of the bomb.
 
 
 3
 Appellant contends the district court erred in certain evidentiary rulings and imposed an improper sentence. We review a district court's evidentiary rulings for an abuse of discretion. United States v. Poschwatta, 829 F.2d 1477, 1481 (9th Cir.1987). We review the legality of a sentence de novo. United States v. Whitney, 785 F.2d 824, 825 (9th Cir.1986).
 
 
 4
 Appellant contends that Laura Green's testimony that she observed in his possession gun powder, casings for hand grenades and shotgun shells and that he told her he was using these articles to make bombs is irrelevant. We disagree. This testimony is probative of the counts charging manufacturing, mailing and possessing the spring bomb in that it shows appellant was familiar with what was needed to make a bomb and knew how to assemble such a device. The evidence is therefore relevant and admissible as proof of opportunity. See Fed.R.Evid. 401, 404(b); United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982).
 
 
 5
 Contrary to appellant's contention that the district court failed to weigh the probative value of Laura Green's testimony against its prejudicial effect, the record is clear the district court engaged in the balancing test required by Fed.R.Evid. 403. The district court considered appellant's motion in limine to prohibit the admission of the prior bomb making testimony and heard appellant's argument that the probative value of the evidence was outweighed by possible prejudice. The district court need not mechanically cite the Rule 403 formula if "it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission." United States v. Morris, 827 F.2d 1348, 1350 (9th Cir.1987) (citation omitted). This the record does. Moreover, the evidence was not unfairly prejudicial.
 
 
 6
 The card and letter sent by appellant were also relevant and properly admitted to show pattern and motive. See Fed.R.Evid. 404(b). This evidence was not more prejudicial than probative. We find the district court did not abuse its discretion in admitting either the card and the letter or Laura Green's testimony about the prior bomb making.
 
 
 7
 Because appellant failed to request a limiting instruction as to Laura Green's testimony and failed to object to the instructions as given, we review the issue for plain error. United States v. Payseno, 782 F.2d 832, 834 (9th Cir.1986). We conclude the failure to give a limiting instruction was not highly prejudicial error affecting appellant's substantial rights. See United States v. Kennedy, 726 F.2d 546, 548 (9th Cir.), cert. denied, 469 U.S. 965 (1984).
 
 
 8
 Count 2 of the indictment charged manufacture of the bomb between April 1986 and April 3, 1987. Count 3 charged possession of the bomb on April 3, 1987. The government failed to present proof of a separate incident of possession not incident to the manufacture of the bomb. We therefore stay both the sentence and entry of judgment of conviction on count 3, possession of the bomb. See United States v. Palafox, 764 F.2d 558, 563-64 (9th Cir.1985) (en banc).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3