UNITED STATES, Plaintiff,

v.

Marvin BERKOWITZ, Defendant.

No. 88 CR 873.

United States District Court,
N.D. Illinois, E.D.

Dec. 14, 1988.

---

Anton R. Valukas, U.S. Atty. by Jacqueline O. Stern and Ted S. Helwig, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

William T. Huyck, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Pursuant to Fed.R.Crim.P. 12(b), defendant Marvin Berkowitz moves to dismiss Counts I and II of the indictment in this case. Each of these counts charges Berkowitz with obstruction of justice pursuant to 18 U.S.C. § 1503. Count I alleges that Berkowitz stole certain tax documents re-

lating to his previous indictment for tax and mail fraud. Count II alleges that Berkowitz then destroyed some of the documents he stole. Berkowitz contends that these two counts are multiplicitous in that they charge him with the same offense. He also asserts that these counts could subject him to multiple punishments for the same offense, thereby violating the Fifth Amendment's double jeopardy clause.

This court rejects Berkowitz's characterization of Counts I and II. These counts are not multiplicitous because each count requires proof of a fact that the other does not. *See United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir.1986); *United States v. Glanton*, 707 F.2d 1238, 1240 (11th Cir. 1983). Even if the government proved that Berkowitz stole the documents, the government could not obtain a conviction under Count II without establishing that Berkowitz destroyed some of the documents. Conversely, evidence that Berkowitz destroyed some documents would not conclusively demonstrate that Berkowitz had purloined the documents he destroyed. Moreover, according to the affidavit of IRS Special Agent Merle Shearer, Berkowitz allegedly delivered some of the stolen documents to the attorneys who represent him in the tax fraud case. Thus, unlike Count II, which relates solely to allegedly destroyed documents, Count I involves several additional documents that were not destroyed.

The two counts challenged by Berkowitz allege two discrete acts of obstruction of justice pursuant to 18 U.S.C. § 1503. Under these circumstances, the Seventh Circuit has recognized that the government possesses broad discretion in determining whether to frame the indictment in a single count or a number of counts. For instance, in *United States v. Berardi*, 675 F.2d 894 (7th Cir.1982), the government charged the defendant with one count of obstruction of justice, yet this solitary count referred to three separate incidents of obstruction. Based on the facts of the case, the Court of Appeals concluded that the three acts of obstruction amounted to a single continuing offense, thereby justifying the inclusion of all three acts in a single count. *Id.* at 898. Nonetheless, the *Berardi* court

also observed that the government could have charged the defendant with three separate counts of obstruction of justice. *Id.* In the instant case, although the government could have incorporated the alleged multiple acts of obstruction in a single count, the government instead elected to charge Berkowitz with one count for each alleged violation of 18 U.S.C. § 1503. This court sees no reason to disturb this exercise of prosecutorial discretion. Consequently, the court denies Berkowitz's motion to dismiss Counts I and II of the indictment.