972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant
v.
Virgil Lebron HAYES and James Edward Golson, Defendants-Appellee.
 Nos. 91-6081, 91-6082.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1992.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arises from a district court's dismissal of two counts of a six count superseding indictment. The district court concluded that two counts of the indictment were "multiplicitous" in that they charged multiple offenses for a course of conduct that amounted to only a single offense. For the reasons stated below, we reverse the district court's dismissal of the two counts.
 
 
 2
 * In October 1990, police officer Mike Walden received information that defendants Virgil Lebron Hayes and Edward James Golson were selling drugs in the College Hill Courts area of Chattanooga, Tennessee, better known as the Westside Housing Project. Officer Walden surveilled the area, a parking lot next to the Grove Street Market, for almost three months. During this time, Walden saw both defendants delivering packages to individuals passing by in cars and receiving money in return.
 
 
 3
 Throughout the three months of surveillance, Walden observed a familiar pattern. Hayes and Golson would park their cars, a Buick and a Dodge pick-up truck, respectively, in the Grove Street Market parking lot and supply packages for others to sell in exchange for money. Periodically, the defendants would return to their respective vehicles. Walden concluded that Hayes and Golson were jointly distributing crack cocaine in front of the Grove Street Market and that both defendants maintained a stash of the drug in their respective vehicles.
 
 
 4
 On the day of their arrest, both Hayes and Golson were at the Grove Street Market location with their automobiles. A search revealed that each of the vehicles contained cocaine base (crack) and a firearm. The cocaine base (crack) in both vehicles was packaged identically--two "rocks" per plastic bag.
 
 
 5
 The defendants were charged in a superseding indictment as follows:
 
 
 6
 Count 1--Both defendants are charged with conspiracy to distribute and possess with intent to distribute 21 U.S.C. § 846.
 
 
 7
 Count 2--Both defendants are charged with possession with the intent to distribute the "crack" found in Hayes' Buick. 21 U.S.C. § 841(a)(1).
 
 
 8
 Count 3--Both defendants are charged with knowingly and intentionally using and carrying a firearm during and in relation to the offense charged in Count 2. 18 U.S.C. § 924(c).
 
 
 9
 Count 4--Both defendants are charged with possession with intent to distribute the "crack" found in Golson's truck. 21 U.S.C. § 841(a)(1).
 
 
 10
 Count 5--Both defendants are charged with knowingly and intentionally using a firearm during and in relation to the offense charged in Count 4. 18 U.S.C. § 924(c).
 
 
 11
 Count 6--Defendant Hayes is charged with possessing various weapons as a convicted felon. 18 U.S.C. § 922(g)(1).
 
 
 12
 The district court found that Counts 2 and 4 of the indictment were multiplicitous because the crack in both vehicles amounted to a single "stash"; Hays and Golson could not be charged with two offenses merely because the crack was in separate vehicles. The court therefore dismissed Counts 4 and 5. The government now appeals.
 
 II
 
 13
 The government's challenge to the district court's ruling on multiplicity implicates the Double Jeopardy Clause of the Fifth Amendment. Our review is therefore de novo. United States v. Susskind, --- F.2d ---- (6th Cir. May 18, 1992).
 
 
 14
 In United States v. Woods, 568 F.2d 509 (6th Cir.), cert. denied, 435 U.S. 972 (1978), this Court held that a defendant who possesses a controlled substance at any given time as part of a continuous course of conduct cannot be charged with more than one offense of possession. Id. at 513-14. Defendant Woods had separated his heroin into different packages and placed some in the front seat of his car and some in his trunk. Id. at 510-11. The United States charged Woods with two counts of possession with the intent to distribute the heroin. Id.
 
 This court held that:
 
 15
 [A]s long as the statute does not graduate the gravity of the crime of possession of heroin by the quantity possessed, we see no indication that Congress intended to permit a multiplication of the offenses of possession at any given time by a defendant upon evidence that the heroin may merely have been separately packaged or stashed.
 
 
 16
 Id. at 513 (emphasis added). Moreover, the counts in the indictment only charged possession of a certain quantity of heroin with no additional facts identifying the particular stash underlying the individual charges. This court noted that the United States could have obtained a conviction on any of the possession counts "by proof of the defendant's possession on the date in question of any of the separate parcels of heroin." Id. at 514.
 
 
 17
 Relying on Woods, the district court in the present case concluded that the offenses charged in Counts 2 and 4 were multiplicitous. The district court found that the cases upholding indictments with more than one drug charge usually involved different locations where the drugs are clearly separate "stashes." The government contends that the district court's analysis of Woods was erroneous. We agree for several reasons.
 
 
 18
 The issue before the court in Woods involved one defendant charged with primary liability for his constructive possession of heroin, and Congress only intended for him to be criminally liable once for his continuous possession of that heroin. In contrast, here both defendants are charged as coconspirators. The Supreme Court has noted that where individuals conspire to violate the law they increase their potential to succeed in their criminal acts by pooling their resources and dividing their risk. Therefore, the Court has held that a conspirator is liable for the acts committed by other conspirators if he is a member of the conspiracy and the offense committed in furtherance of the conspiracy is a foreseeable consequences of the conspiracy. United States v. Pinkerton, 328 U.S. 640 (1946). Thus, the government charged Golson in Count 2 under this doctrine of vicarious liability with Hayes' possession of the crack in Hayes' Buick, and charged Hayes in Count 4 with vicarious liability under Pinkerton with Golson's possession of the crack in Golson's truck. That is the price of doing business as a conspiracy. See United States v. Gonzales, 933 F.2d 417 (7th Cir.1991). Defendants doubled the location of their drugs, protected each separate location with a separate loaded firearm, divided the risk of seizure of the drugs between two locations, and made it possible to continue their operation from two sources. Under Pinkerton, it is not multiplicitous for the United States to charge each defendant with possession of not only his own stash but that of his coconspirator's as well. This court's holding in Woods does not alter this conclusion. The district court erred in not applying the Pinkerton doctrine.
 
 
 19
 The traditional test of multiplicity requires a court to determine whether each count requires proof of a fact the other does not. United States v. Kennedy, 726 F.2d 546, 547-48 (9th Cir.), cert. denied, 469 U.S. 965 (1984). If one element is required to prove the offense in one count, but not required to prove the offense in the second count, there is no multiplicity. Gonzales, 933 F.2d at 424.
 
 
 20
 In this case, the jury could find that Hayes possessed the crack in his vehicle under Count 2 and that Golson is liable for that possession under Pinkerton as a member of the conspiracy to distribute crack cocaine. Similarly, the jury could find that Golson possessed the crack found in his vehicle under Count 4 and that Hayes is liable for that offense under Pinkerton as a coconspirator. Each offense thus requires proof of an element that the other does not. See Gonzales, 933 F.2d at 424.
 
 III
 
 21
 For the reasons stated above, we conclude that the district court erred by dismissing Counts 4 and 5 of the indictment as multiplicitous. We therefore REVERSE and REMAND for trial on all counts in the indictment.