FILED

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30154 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02123-RMP-1 |
| v. | |
| STEPHEN MARTY WARD, AKA Stephen Martin Ward | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted February 1, 2016
Seattle, Washington

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and ORRICK,** District Judge.

**1.** Ward did not timely object to the sufficiency of the indictment.

Accordingly, we review for plain error, *United States v. Leos-Maldonado*, 302

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The Honorable William Horsley Orrick III, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

F.3d 1061, 1064 (9th Cir. 2002), "liberally construing the indictment in favor of validity," *United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007) (internal alterations omitted). Ward has not shown that he was prejudiced by any deficiency in the indictment's description of the alleged trade secrets. *See United States v. Velasco-Medina*, 305 F.3d 839, 847 (9th Cir. 2002).

**2.** There was no constructive amendment at trial. "A constructive amendment occurs when the defendant is charged with one crime but, in effect, is tried for another crime." *United States v. Lazarenko*, 564 F.3d 1026, 1034 (9th Cir. 2009). "For a constructive amendment to inhere, jury instructions must diverge materially from the indictment and evidence must have been introduced at trial that would enable the jury to convict the defendant for conduct with which he was not charged." *United States v. Alvarez-Ulloa*, 784 F.3d 558, 570 (9th Cir. 2015) (internal quotation marks omitted); *see also United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014). The indictment in this case described the alleged trade secret information as "information related to the maintenance and operation of unmanned aircraft systems developed by Insitu Incorporated." Neither the jury instructions nor the special verdict form diverged materially from this language in describing the specific trade secrets that Ward converted. Nor was there evidence introduced at trial that enabled the jury to convict Ward based on trade secret

information beyond the scope of that described in the indictment.

**3.** Ward's contention that there was a variance at trial also fails. "A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012) (internal quotation marks omitted). The evidence presented at trial did not show that Ward had converted trade secrets materially different from "information related to the maintenance and operation of unmanned aircraft systems developed by Insitu Incorporated."

**4.** Ward did not timely raise the issue of duplicity with the district court. "Where a defendant fails to object to an indictment as duplicitous before trial and fails to object to the court's jury instructions at trial, we review for plain error." *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006). Given that the jury instructions and special verdict form required the jury to unanimously agree on which particular trade secrets Ward had converted, any duplicity error in the indictment is not grounds for reversal under the plain error standard. *See United States v. Kennedy*, 726 F.2d 546, 548 (9th Cir. 1984) (finding no plain error in an allegedly duplicitous indictment where the jury instructions eliminated any "danger that the jury could convict . . . without reaching unanimous agreement on a given

set of facts").

**5.** Ward challenges the sufficiency of the evidence, which we review de novo. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). "A claim of insufficient evidence fails if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and emphasis omitted). Viewed in the light most favorable to the prosecution, the evidence at trial was sufficient to allow a rational juror to conclude that Ward was guilty of violating 18 U.S.C. § 1832(a)(2). Ward's argument regarding the meaning of "public" as used in 18 U.S.C. § 1839(3)(B) is also without merit; the district court did not commit plain error by not delivering a sua sponte instruction defining "public" as "economically relevant public."

**6.** Ward contends that the district court erred by sequencing the special verdict form as it did. "We treat verdict forms like jury instructions, the formulation of which we review for abuse of discretion." *United States v. Stinson*, 647 F.3d 1196, 1218 (9th Cir. 2011) (internal citations omitted). "Jury instructions, even if imperfect, are not a basis for overturning a conviction absent a showing that they prejudiced the defendant." *United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008). The special verdict form and jury instructions allowed

the jury to convict only if it unanimously found that one or more of the alleged trade secrets qualified for trade secret protection.  Viewed as a whole, the special verdict form and jury instructions were not misleading or inadequate, and they did not prejudice Ward.

**7.** We reject as meritless Ward's challenges under the First and Fifth Amendments for violation of his due process, free speech, and "self-representation" rights.

**AFFIRMED.**