NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10416 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:17-cr-00090-DAD-SKO-1 |
| | 1:17-cr-00090-DAD-SKO |
| MARCELA HEREDIA, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted February 14, 2022
Pasadena, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District
Judge.

Defendant-Appellant Marcela Heredia appeals from her conviction and

sentence for seven counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 1–

7), four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

(Counts 8–11), and one count of making and subscribing a false return, statement, or other document in violation of 26 U.S.C. § 7206(1) (Count 12). Specifically, Heredia challenges that (1) the district court constructively amended Counts 8–11, (2) the verdict form identified the wrong alleged victim for Count 9, (3) Count 11 is unconstitutionally duplicitous, (4) the cumulative effect of errors warrant vacatur of the convictions on Counts 9 and 11, and (5) the district court abused its discretion in partially running the identity theft sentences consecutively. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. When a defendant fails to object to an indictment, jury instruction, or verdict form, we review for plain error. *See United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006); *United States v. Espino*, 892 F.3d 1048, 1051 (9th Cir. 2018). "We review a district court's construction and interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion." *United States v. Flores*, 802 F.3d 1028, 1047 (9th Cir. 2015). For the following reasons, we affirm her conviction and sentence.

## A.

We first address Heredia's constructive amendment claim for Counts 8–11. "Under the 'invited error' doctrine, appellate review is barred if the appellant waived his or her right to challenge an erroneous jury instruction on appeal." *United States v. Hugs*, 384 F.3d 762, 766–67 (9th Cir. 2004). Although Heredia concedes that she

failed to raise a constructive amendment objection before the district court and jointly submitted the jury instruction, her argument is not waived because the record "does not show that defense counsel was aware that the jury instruction might be erroneous." *Id.* at 767.

Even if Heredia's constructive amendment claim is not waived, we conclude that it fails under plain error review. "We review a variance or constructive amendment to an indictment that is not objected to at trial for plain error." *Id.* at 766. "The burden is on the defendant to show the following: (1) an error or defect, (2) that is clear or obvious, and (3) that affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings." *Espino*, 892 F.3d at 1051 (citation and internal quotation marks omitted); *see also Hugs*, 384 F.3d at 768 ("[W]e can reverse only if the record demonstrates that plain error affected a defendant's substantial rights.").

Under 18 U.S.C. § 1028A(a)(1), a defendant is guilty of aggravated identity theft if "during and in relation to any felony violation enumerated," she "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). While the grand jury charged that Heredia "did knowingly use a means of identification of another person without lawful authority during and in relation to an unlawful activity," the final jury instruction read to the jury stated that in order for Heredia to be found guilty of the

3

aggravated identity theft charges, the government must prove that "the defendant knowingly *transferred, possessed, or used* without legal authority a means of identification of another person." Heredia argues that the district court constructively amended Counts 8–11 because the grand jury only charged counts of aggravated identity theft in violation of § 1028A(a)(1) under the "use" theory while the final jury instructions at trial included theories of "transferring, possessing, or using."

Here, the district court did not constructively amend Counts 8–11. We have repeatedly emphasized that an indictment "is constructively amended where 'the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment.'" *Arreola*, 467 F.3d at 1162, *quoting United States v. Streit*, 962 F.2d 894, 899–900 (9th Cir. 1992). The language in the final jury instruction did not alter the charging terms of the indictment so much that "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017) (alteration in original), *quoting United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002). Before giving the final jury instructions, the district court explained to the jury: "You are here only to determine whether the defendant is guilty or not guilty of the charges in the

4

indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment."  Consistent with the indictment, the jury verdict form also clearly shows that the jury found Heredia in violation of 18 U.S.C. § 1028A(a)(1) and guilty of "use of means of identification . . . during and in relation to committing wire fraud."  The actual verdict form marked by the jury did not mention any violation of 18 U.S.C. § 1028A(a)(1) under either the transfer or possession theory.

Moreover, perhaps most importantly, the verdict form states that the use of means of identification must be "during and in relation to committing wire fraud" and relate back to Counts 2–7.  The Government also made clear in its closing argument that the aggravated identity theft counts are about how Heredia "used people's means of identification to commit wire fraud" and that "these counts relate to specific wire fraud charges."  The connection between the wire fraud counts and the identity counts ensured that there was no substantial alteration of the behavior under which Heredia could have been convicted—the convictions for the identity counts were tied to "use" for wire fraud.  Indeed, there was no apparent evidence presented at trial that would have allowed the jury to convict Heredia of uncharged conduct, that is, unlawful possession or transfer in connection with wire fraud but not unlawful use.

Thus, "considering the jury verdict form in light of the court's instructions and the trial as a whole, it is not likely that [the final jury instruction] affected the

5

jury's decision to convict." *Arreola*, 467 F.3d at 1162 (holding that an erroneous verdict form did not constructively amend the indictment because the trial judge "properly instructed jurors," parties reiterated the correct conviction requirements, and the jurors had a copy of the correct requirements in the jury room). For the same reasons, the challenged jury instruction also did not affect Heredia's substantial rights under plain error review.

**B.**

We next turn to Heredia's claim that the verdict form identified the wrong alleged victim for Count 9. It is undisputed that the verdict form erroneously identified victim L.L. for Count 9, which should have referred to victim C.C. But because Heredia did not object to the verdict form before the district court, we again review for plain error. *See Espino*, 892 F.3d at 1051. We conclude that the error did not affect Heredia's substantial rights.

To be sure, the identity of the victim is important for an identity theft crime and the verdict form clearly should not have identified the wrong victim. But there is little risk that the jury misunderstood the verdict form due to the typo. Count 9 clearly refers back to Count 3, which alleges that Heredia committed wire fraud by filing a tax return form for C.C. In addition, Count 9 states that the use of means of identification was "[o]n or about July 9, 2013," which would be consistent with C.C. and not L.L.

6

Moreover, "[w]hen looking at prejudice, 'it is entirely appropriate to consider the verdict form in conjunction with the jury instructions and the trial record as a whole.'" *Id.* at 1053 (citation omitted). Here, there was little chance of prejudice because the evidence pertaining to C.C.—who should have been listed for the particular count at issue—was not particularly weak. Furthermore, at trial, the Government repeatedly emphasized the relationship between the wire fraud counts and the aggravated identity theft counts. In fact, during closing arguments, the Government specifically stated that "Count 9 is alleging that the defendant committed aggravated identity theft when she submitted [C.C.'s] 2012 return, and that's the wire alleged in Count 3." Considering the jury instructions and trial record as a whole, we conclude that the error in the verdict form did not likely confuse the jury and affect Heredia's substantial rights.

## C.

We review Heredia's claim that Count 11 is unconstitutionally duplicitous for plain error because she also did not raise this objection before the district court. *See Arreola*, 467 F.3d at 1161 ("Where a defendant fails to object to an indictment as duplicitous before trial . . . , we review for plain error."). We hold that this claim fails because, even if there was an error, it did not affect Heredia's substantial rights.

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). The

7

concern is that "a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense," which "may conflict with a defendant's Sixth Amendment rights and may also prejudice a subsequent double jeopardy defense." *Id.* Therefore, although there is "broad prosecutorial discretion in the drafting of indictments," the "foregoing considerations . . . reflect fundamental due process rights of defendants" and provide limitations to what is a permissible indictment. *Id.*

Even if there was such an error here, it did not affect Heredia's substantial rights. One of the dangers of a duplicitous indictment is that a jury could convict "without reaching unanimous agreement on a given set of facts." *United States v. Kennedy*, 726 F.2d 546, 548 (9th Cir. 1984). In this case, the risk is minimal. The jury unanimously convicted Heredia of three separate counts of wire fraud (Counts 5–7) relating to three separate wire transmissions to the IRS for M.J.G./M.J.L. To convict on Count 11, the jury must conclude that Heredia knowingly used M.J.G./M.J.L.'s identification without legal authority and in relation to committing wire fraud. It would be illogical for a jury to reach unanimous agreement and find Heredia guilty on 3 counts of wire fraud but not agree that Heredia committed aggravated identity theft with that same victim's information for all three wire fraud counts.

We also reject Heredia's claim that the cumulative errors warrant vacatur on

8

Counts 9 and 11. "Although individual errors looked at separately may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial as to require reversal." *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993). When "all of the errors [a defendant] raises are subject to plain error review," the court "review[s] the cumulative impact of the possible plain errors for plain error." *Id.* at 1282–83. In particular, in cases "where the government's case is weak, a defendant is more likely to be prejudiced by the effect of cumulative errors." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

Reviewing the cumulative impact of all the possible errors for plain error, we conclude that the cumulative effect is not so prejudicial to rise to the level of reversal. At the outset, none of these alleged errors affected Heredia's substantial rights, and the alleged errors do not seem related to one another. There is also no evidence in the record that shows the government's case is "weak," as the jury convicted Heredia of all counts. Thus, we conclude that the cumulative effects of any alleged errors did not deprive Heredia of a fair trial and rise to the level of plain error requiring reversal. *See, e.g.*, *Necoechea*, 986 F.2d at 1283.

**D.**

Finally, reviewing "a district court's construction and interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion," we hold that resentencing is

9

not warranted. *Flores*, 802 F.3d at 1047. Heredia concedes that 18 U.S.C. § 1028A gives the district court the discretion to impose a term of imprisonment concurrently or consecutively to another term of imprisonment for an additional violation of aggravated identity theft, provided that such discretion is exercised in accordance with any applicable guidelines and policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 1028A(b)(4). Nonetheless, Heredia argues that the district court abused its discretion in considering the relevant sentencing factors and misinterpreted the Guidelines in partially running her identity theft sentences consecutively for two terms of 24 months each, instead of running all four counts concurrently as one 24-month sentence. For the following reasons, we affirm the sentence imposed.

First, abuse of discretion is a highly deferential standard. Prior to sentencing, the Government requested consecutive sentences on all of the § 1028A counts for an overall of 120 months while Heredia requested concurrent sentences on all of the § 1028A counts for an overall of 42 months. The district court struck a balance and took the middle ground between the two requests. When deciding the sentence, the district court judge considered "the nature and seriousness of the underlying offenses, which are serious offenses, and did have not insignificant impact on the victims of the identity theft," and he acknowledged that "at least six victims testified at trial," so "there obviously could have been additional counts of aggravated

identity." Although the money involved in the wire fraud counts was admittedly small, which might arguably make the crimes not "serious," and although the district court emphasized the victims of the identity theft crimes rather than the wire fraud ones, its reasoning was not so clearly improper that there was an abuse of discretion.

Second, although it is possible that the district court erroneously interpreted Sentencing Guideline Section 5G1.2, Comment Note 2(B), any error was clearly harmless. The Guidelines recommend running § 1028A sentences concurrently when the underlying offenses—here, the wire fraud counts—are groupable under § 3D1.2, though the Guidelines make clear that consecutive sentences are not forbidden in every circumstance. *See* U.S.S.G. § 5G1.2, cmt. n.2(B)(ii) ("*Generally*, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under § 3D1.2." (emphasis added)). In applying these guideline provisions, the district court stated, "I am also considering that the offenses are groupable, *the aggravated identity charges*." The reference to the identity charges, rather than to the underlying wire fraud charges, raises the possibility that the district court failed to properly consider the "underlying offenses." But this was likely just imprecise wording, as the identity charges are not subject to any sort of grouping analysis under the Guidelines and the court appeared quite familiar with the applicable legal standards. Furthermore, any error was harmless because this grouping factor correctly weighed in favor of concurrent

11

sentences in the district court's reasoning.

**AFFIRMED**.