UNITED STATES of America, Plaintiff,

v.

Ellis McHENRY, Defendant.

No. 1:93 CR 0084.

United States District Court,
N.D. Ohio, E.D.

Aug. 19, 1993.

Phillip Tripi, Asst. U.S. Atty., Cleveland, OH, for plaintiff.

Debra M. Hughes, Donald N. Krosin, Asst. Federal Public Defenders, Cleveland, OH, for defendant.

MEMORANDUM OPINION

DOWD, District Judge.

## I. THE SENTENCING ISSUE.

The sentencing of the defendant scheduled for Friday, August 20, 1993, presents the question of whether the mandatory and consecutive sentencing provisions of 18 U.S.C. § 924(c)(1) (hereafter § 924) apply in addition to the sentences required by reason of the defendant's convictions for carjacking in violation of recently enacted 18 U.S.C. § 2119 (hereafter § 2119).[1]

The defendant was found guilty by a jury on May 26, 1993 of three counts of carjacking in violation of 18 U.S.C. § 2119, three counts of the use of a firearm in the commission of a crime of violence, 18 U.S.C. § 924(c), and one count of possession of a firearm as an illegal alien in violation of 18 U.S.C. § 922(g)(5). The carjackings took place on the east side of Cleveland within the space of one week on January 28, February 1 and February 4, 1993. The three Section 924(c) violations relate to the carjackings. On February 8, 1993 a weapon was confiscated from the defendant and that event supports the § 922(g)(5) count of the indictment.

The pre-sentence report focuses on the guideline computations for the three convictions for carjacking (§ 2119) and the conviction for possession of a firearm as an illegal alien. The report fixes the total offense level at 25 and the criminal history category at II calling for a sentencing range of 63–78 months before determining the impact of the mandatory and consecutive sentencing provisions contained in § 924(c).

Prior to trial the defendant moved the court to dismiss the three counts of the in-

---

1. 18 U.S.C. § 2119 provides:
   Whoever, *possessing a firearm* as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce *from the person or presence of another by force and violence or by intimidation,* or attempts to do so, shall—
   (1) be fined under this title or imprisoned not more than 15 years or both,

(2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both. (Emphasis added).

dictment charging § 924(c) violations as violative of the double jeopardy provisions of the Constitution. The court denied the motion to dismiss, 830 F.Supp. 1020, and subsequently denied the defendant's motion for a stay pending an appeal.

18 U.S.C. § 924(c)(1) sets forth in relevant part as follows:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, ... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years, ... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

The issue presented by the parties is whether the mandatory and consecutive provisions of § 924(c) should be applied and thus added to the sentencing range of 63–78 months. The government maintains that an additional sentence of 45 years to be served consecutively to the guideline sentence should be imposed and relies on the recent decision in *Deal v. United States*, —— U.S. ——, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) [2] for the proposition that the second and third carjackings, even though committed within several days of each other and prosecuted in the same trial mandate additional consecutive sentences of 20 years each for the second and third carjackings.

The defendant contends that the sentencing provisions of § 924(c) do not apply and the defendant's sentence should be limited by the guideline range for the three convictions under § 2119 and for the § 922(g)(5) conviction.

The defendant continues to maintain the double jeopardy argument and contends that the Congress had no intention of requiring that a violator of § 2119 also be punished under the mandatory and consecutive provisions of § 924(c). In support of that argument the defendant relies on the legislative history in the adoption of § 2119,[3] the *Blockburger* test,[4] judicial declarations in *Whalen v. United States*, 445 U.S. 684, 691–692, 100 S.Ct. 1432, 1437–1438, 63 L.Ed.2d 715 (1980),[5] *Missouri v. Hunter*, 459 U.S. 359,

---

**2.** Deal, the defendant, was convicted of six counts of bank robbery and six counts of a violation of 18 U.S.C. § 924(c)(1) in a single trial. The district court sentenced Deal to five years of imprisonment on the first § 924(c)(1) count and to twenty years on each of the five other counts with the terms to run consecutively. The sentence was affirmed by the Fifth Circuit at 954 F.2d 262 (1992) and by the Supreme Court in a 6–3 decision. The dissent contended that § 924(c)(1) must be read to impose the enhanced sentence only for an offense committed after a previous sentence has become final. The six member majority rejected that position.

**3.** The legislative history for the Anti Car Theft Act of 1992, which includes 18 U.S.C. § 2119 is reported in 102nd Congress, Second Session, 1992 U.S.Code Cong. & Admin.News, pp. 2829–2903. The report makes several references to armed carjacking and the maximum sentence of 15 years, with enhanced sentences in the event of bodily injury or death, but makes no reference to the sentencing enhancement provisions of 18 U.S.C. § 924(c)(1).

**4.** *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) provides that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. In this case, the defendant maintains that "possession" of the firearm in violation of the carjacking statute, § 2119, is the equivalent to the "use" of the firearm with respect to the § 924(c)(1) violation, thereby implicating a *Blockburger* rule.

**5.** In *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–1438, 63 L.Ed.2d 715 (1980), Justice Stewart, writing for the Court, in describing the *Blockburger* rule, declared:

> The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense" they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary congressional intent.

368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983),[6] *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985),[7] the recent decisions of *Smith v. United States*, — U.S. ——, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)[8] and *United States v. Quigley*, 816 F.Supp. 1217 (W.D.Mich.1993)[9]. Thus, the defendant argues that the sentencing provisions of § 2119 are not applicable.

The government contends that the defendant's opposition to sentencing pursuant to § 924(c) is an extension of the defendant's rejected motion for relief based on double jeopardy and that the court should impose the consecutive and mandatory sentences required by § 924(c) and should apply the rationale of *Deal v. United States, supra* and impose a sentence of an additional 45 years for the three convictions of § 924(c).

**6.** The defendant cites language in *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983), because the Court relied upon *Missouri v. Hunter* in denying the defendant's motion to dismiss the § 924(c)(1) counts as violating the double jeopardy clause. In *Missouri, supra,* the *Blockburger* rule was modified to the extent that the legislature makes its intent clear that there be cumulative punishment under two statutes. Chief Justice Burger, writing the opinion in *Missouri*, stated "[w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Defendant's counsel cites other language in *Missouri* in support of the proposition that Congress has failed to clearly indicate that it intends cumulative punishment with respect to concurrent violations of § 2119 and 924(c)(1). In *Missouri*, Chief Justice Burger also declared:

> The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring Courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear.

**7.** In *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), the defendant was prosecuted simultaneously for violations of 18 U.S.C. § 922(h)(1) for receiving a firearm as a convicted felon and under 18 U.S.C.App. § 1202(a)(1) for possessing the same weapon. Chief Justice Burger, writing for the Court, declared that the government was permitted to seek

## II. THE COURT'S RULING.

The court remains of the view that the double jeopardy clause does not prohibit the prosecution and sentencing of the defendant for the three violations of § 924(c).

The defendant's reliance on *Smith v. United States, supra,* is misplaced. Although *Smith* clearly gives an expansive definition of the word "use" as that term is applied in a prosecution of an alleged violation of § 924(c), it does not lead to the conclusion as advanced by the defendant in support of the *Blockburger* analysis that the word "possession" as used in the carjacking statute, § 2119, is the equivalent of "use" as that word is used and defined by *Smith, supra.* Rather as expressed by the court in its April 29, 1993 opinion, "the offense of car jacking (18 U.S.C. § 2119) requires only proof of the

a multiple count indictment for violations of §§ 922(h) and 1202(a) involving the same weapon where a single act establishes the receipt and possession, but prohibited two convictions or sentences on such an indictment. *Burger* declared "we hold that Congress did not intend a convicted felon ... to be convicted of both receiving a firearm in violation of 18 U.S.C. § 922(h) and possessing a firearm in violation of 18 U.S.C.App. § 1202(a)." The pivotal finding in *Ball* was the determination that Congress did not intend the defendant's conduct to be punishable under both §§ 922(h) and 1202(a).

**8.** In *Smith*, the defendant was convicted of a § 924(c)(1) violation when he exchanged a firearm for narcotics. In a 6–3 decision, the Supreme Court ruled that the exchange of the firearm constituted the "use" of a firearm during and in relation to a drug trafficking crime. Justice O'Conner, writing for the majority, rejected the proposition that the firearm had to be used in a specific manner, such as a weapon, in order to establish a violation of § 924(c)(1).

**9.** In *Quigley*, the defendant placed pipe bombs under motor vehicles and they were subsequently detonated for the purpose of damaging or destroying the vehicles. The defendant was convicted of aiding and abetting the detonation of a vehicle in violation of 18 U.S.C. § 844(i) and of aiding and abetting in the use, possession and carrying of a destructive device during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The Court found that convictions under § 844(i) and § 924(c) could not coexist and vacated the defendant's conviction of the § 924(c) violation which would have required a mandatory and consecutive sentence of thirty years.

possession of a firearm whereas the provisions of 18 U.S.C. § 924(c) require more than mere possession, but rather that the firearm be used or carried during and in relation to the crime of violence".

The determination that the *Blockburger* test does not apply still leaves open the question of whether the court is required to find that the Congress intended that cumulative punishments be applied, as called for by § 924(c)(1), where the subsequently enacted predicate crime of "armed carjacking" is committed. The opinions for the court by Justice Brennan in *Simpson v. United States*, 435 U.S. 6, 12, 98 S.Ct. 909, 913, 55

L.Ed.2d 70 (1978) [10] and then Justice Rehnquist in *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981) [11] strongly suggest that the answer to the question is in the affirmative.

In response to this question, the government argues that the intention of the Congress when it amended § 924(c)(1) in response to *Simpson, supra* and to *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) is obvious and that it intended that all federal crimes of violence would be subject to the enhancement provisions of § 924(c)(1).[12] However, the amend-

---

**10.** In *Simpson*, the Supreme Court decided that the enhancement provisions of 18 U.S.C. § 924(c) did not apply in the context of enhanced sentencing to armed bank robbery prosecuted under 18 U.S.C. § 2113(d) and reversed the sentence of the district court which had imposed consecutive sentences. Justice Brennan, writing for the majority of the court in an 8–1 decision opined:

> Cases in which the Government is able to prove violations of two separate criminal statutes with precisely the same factual showing, as here, raise the prospect of double jeopardy and the possible need to evaluate the statutes in light of the *Blockburger* test. That test, the Government argues, is satisfied in this litigation. We need not reach the issue. Before an examination is made to determine whether cumulative punishments for the two offenses are constitutionally permissible, *it is necessary, following our practice of avoiding constitutional decisions where possible, to determine whether Congress intended to subject the defendant to multiple penalties for the single criminal transaction in which he engaged. Jeffers v. United States*, 432 U.S. 137, 155[, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168] (1977). (Footnote omitted) (Emphasis added).

**11.** In *Albernaz*, the defendants were convicted of a conspiracy to both import and distribute marijuana in violation of two statutes, 21 U.S.C. § 846 and § 963. The consecutive sentences that they received were affirmed. Justice Rehnquist, writing for the court, opined:

> *The conclusion we reach today regarding the intent of Congress is reinforced by the fact that the two conspiracy statutes are directed to separate evils presented by drug trafficking.* "Importation" and "distribution" of marihuana impose diverse societal harms, and; *as the Court of Appeals observed, Congress has in effect determined that a conspiracy to import drugs and to distribute them is twice as serious as a conspiracy to do either object singly.* [*United States v. Rodriguez*], 612 F.2d [906] at 918 [ (5th Cir. 1980)]. This result is not surprising for, as we observed many years ago, the history of the

narcotics legislation in this country "reveals the determination of Congress to turn the screw of the criminal machinery—detection, prosecution and punishment—tighter and tighter." *Gore v. United States*, 357 U.S. [386] at 390[, 78 S.Ct. 1280, 1283, 2 L.Ed.2d 1405 (1958)]. (Emphasis added).

. . . .

> Last Term in *Whalen v. United States*, this Court stated that "the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." 445 U.S., at 688 [100 S.Ct. at 1436]; *id.*, at 696 [100 S.Ct. at 1440].... In determining the permissibility of the imposition of cumulative punishment for the crime of rape and the crime of unintentional killing in the course of rape, the Court recognized that the "dispositive question" was whether Congress intended to authorize separate punishments for the two crimes. *Id.*, at 689 [100 S.Ct. at 1436]. This is so because the "power to define criminal offenses and to prescribe punishments to be imposed upon those found guilty of them, resides wholly with the Congress." *Ibid. As we previously noted in Brown v. Ohio, "[w]here consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."* 432 U.S. [161], at 165 [97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)]. (Emphasis added).

**12.** *See* 1984 U.S.Code Cong. & Admin.News 3182, 3490–3492 where explanation for the 1984 amendment to 18 U.S.C. § 924(c) is set forth. At page 3490, it is clearly stated that the mandatory penalty for the use of a firearm in a federal crime of violence

> is designed to impose a mandatory penalty without the possibility of probation or parole, for any person who uses or carries a firearm

ed provisions of § 924(c)(1) were adopted by the 98th Congress whereas the 102nd Congress adopted the new crime of carjacking and there is absolutely nothing in the legislative history of 1992 with respect to the Anti–Car Theft Act of 1992 that justifies a judicial determination that the 102nd Congress clearly intended the sentencing enhancement provisions of § 924(c)(1) to apply to the newly created predicate crime of carjacking.[13]

In conclusion, the Court will not impose a sentence based on the defendant's three convictions of § 924(c)(1) against the backdrop of the numerous cited decisions of the Supreme Court on the subject of two penalties for the same conduct, and in consideration of the fact that the legislative history accompanying the enactment of § 2119 makes no mention of the sentencing enhancement provisions of § 924(c)(1) in the context of Congressional concerns about the outbreak and frequency of carjackings and the fact that the adoption of § 2119 followed the adoption of Sentencing Guidelines whereas the legislative history of amended § 924(c)(1) preceded by three years the effective date of Sentencing Guidelines in November 1, 1987.

To accommodate an appeal by the government, it is necessary that there be a final order. Consequently, the Court will vacate the convictions of the defendant as to Counts 2, 4 and 6 for the sole reason that Congress has not indicated a legislative intent to impose mandatory and consecutive sentences pursuant to 18 U.S.C. § 924(c)(1) where the

predicate offenses of violence are armed carjackings in violation of 18 U.S.C. § 2119.

IT IS SO ORDERED.

during and in relation to a Federal crime of violence....
    Section 924(c) sets out an offense distinct from the underlying felony and is not simply a penalty provision....
    ... [T]he Supreme Court's decisions in *Simpson v. United States* and *Busic v. United States*, have negated the section's use in cases involving statutes, such as the bank robbery statute and assault on Federal officer statute which have their own enhanced, but not mandatory, punishment provisions in situations where the offense is committed with a dangerous weapon. These are precisely the type of extremely dangerous offenses for which a mandatory punishment for the use of a firearm is the most appropriate. (Footnotes omitted).

**13.** The few references to what became § 2119 referred to the "new crime for armed carjack-

ing." The report of the Judiciary Committee recommended a 15 year sentence whereas the report of the House Energy & Commerce Committee recommended that persons convicted of carjacking that involves bodily injury be subjected to a prison sentence of 25 years instead of 15 years as provided in the judiciary bill. *See* page 2865. The final statutory provisions incorporated the recommendations of the Energy and Commerce Committee. However, none of the reports commented on the applicability of the sentencing enhancement provisions of § 924(c)(1). Moreover, in 1992, as opposed to 1984, the Sentencing Guidelines were in full force and effect and the possibility of a probationary sentence that existed under the sentencing provisions prior to the enactment of the Sentencing Guidelines was no longer a practical concern.