30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant;
v.
David James QUIGLEY, Defendant-Appellee.
 Nos. 93-1429, 93-1520.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1994.
 
 Before: JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In Case No. 93-1429, the United States challenges a judgment imposing sentence upon Defendant-Appellee David James Quigley, and in Case No. 93-1520, the United States challenges a judgment vacating the first sentence and reducing Quigley's term of imprisonment.
 
 
 2
 We DISMISS Case No. 93-1429 as moot. The government asks us to set aside Quigley's original February 16, 1993, sentence. We need not review this claim, for the district judge expressly withdrew that sentence and replaced it with a new one on March 8, 1993.
 
 
 3
 The sentencing issue in Case No. 93-1520 has been resolved by this court in a recent opinion dealing with Quigley's co-conspirator. See United States v. Holdridge, No. 92-1889 (unpublished per curiam). We therefore VACATE the sentence imposed on Quigley and REMAND for resentencing consistent with that opinion.
 
 
 4
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 5
 In Calhoun County, Michigan, beginning in May 1991, Quigley and his uncle Michael Holdridge conspired to make, possess, and detonate pipe bombs. Quigley was nineteen years old at this time, and Holdridge was twenty-two.
 
 
 6
 At 1 a.m. on July 15, 1991, Quigley and Holdridge destroyed a 1977 Ford station wagon by placing a pipe bomb beneath it. On July 25, another bomb made by the duo unexpectedly detonated, blinding Quigley in one eye, severing a tendon in his finger, and causing severe burns. Quigley neither manufactured nor discharged any other bombs after that point, though Holdridge and a third party exploded another bomb in late July.
 
 
 7
 Because the owner of the vehicle that Quigley destroyed used it to transport products and correspondence between his business and the post office, Quigley was charged in federal court with malicious destruction by means of an explosive of a vehicle used in an activity affecting interstate or foreign commerce, in violation of 18 U.S.C. Sec. 844(i). Quigley also was charged with a violation of 18 U.S.C. Sec. 924(c), which provides for a sentencing enhancement for using a destructive device during and in relation to a crime of violence. The latter statute carries with it a thirty-year mandatory consecutive sentence.
 
 
 8
 On April 20, 1992, a jury convicted Quigley on both counts. In the March 8, 1993, sentencing of Quigley, the district court considered the interplay of Sec. 844(i) and Sec. 924(c) and determined that Sec. 844(i) is an insufficient predicate for Sec. 924(c). See generally United States v. Quigley, 816 F.Supp. 1217 (W.D.Mich.1993). The court, therefore, imposed no Sec. 924(c) sentence and ordered him sentenced to 48 months imprisonment, in addition to supervised release, restitution, and special assessments.
 
 
 9
 In United States v. Holdridge, No. 92-1889, we recently held that the imposition of consecutive sentences under Sec. 844(i) and Sec. 924(c) does not violate the Double Jeopardy Clause. I dissented in that case and believe that applying multiple punishments under the two statutes violates the Double Jeopardy Clause, unless Congress were to clearly indicate that it wishes the bombing sentence enhancement to apply to enhance sentences for bombing offenses. Recognizing that Holdridge is now the law of the circuit, however, I concur in this decision.
 
 
 10
 I wish to note that this case provides yet another example of the grave injustice that can occur from the use of mandatory minimum sentences. I cannot believe that this teenager's 1 a.m. bombing of an unoccupied car was the sort of offense that members of Congress had in mind when they created Sec. 924(c)'s thirty-year mandatory minimum for the use of a bomb in connection with a violent offense. Because Quigley, who had no criminal history, is unfortunate enough to have committed a crime that lumps him together with more dangerous and hardened criminals, he may well suffer the consequences of one-size-fits-all sentencing. See United States v. Quigley, 798 F.Supp. 451, 458 (W.D.Mich.1992) ("One has to wonder whether it is wisdom or political pandering that leads Congress to sentence the taxpayers to paying for the incarceration of a nineteen-year-old and a twenty-two-year-old for nearly the rest of their lives, rather than imposing a severe, yet less draconian, penalty that would allow them the hope of returning to society as reformed individuals.").